## STATE *v.* HANDLIN.

### Opinion delivered July 10, 1911.

1. STATUTES—EFFECT OF AMENDMENT.—The effect of an amendment of an act is to so change the act as to make it read in the same manner it would have read and to give it the same effect it would have had if it had been originally enacted as amended. (Page 178.)

2. CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTE.—Where one construction of a statute would render it void for conflict with the Constitution, and another would render it valid, the latter will be adopted. (Page 178.)

3. TAXATION—VALIDITY OF INHERITANCE TAX LAW.—Inheritance taxes are not laid upon property, but upon the privilege or right of succession thereto, and are not subject to the same tests with respect to equality and uniformity as taxes levied upon property. (Page 179.)

4. SAME—CONSTRUCTION OF INHERITANCE TAX LAW.—Under the act of May 17, 1907, amending the Inheritance Tax Law, providing for an inheritance tax of five dollars per hundred on all estates of over twenty thousand dollars and not exceeding fifty thousand dollars, without providing for any rate of taxation of estates exceeding the latter sum, *he'd* that estates over fifty thousand dollars in value were assessable

at the rate of five dollars per hundred up to the sum of fifty thousand dollars, and the excess over that sum only is exempt.    (Page 179.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

*Hal. L. Norwood,* Attorney General, and *George Vaughan,* for appellant.

The act of 1907 does not impose a tax on property.    160 Mo. 190; 60 S. W. 1093.    The act will be construed as though it had been originally adopted in the amended form.    36 Ill. 161;    15 Ct. Cl. 453.    Each part of a section should be construed in connection with every other part.    95 Tenn. 22; 64 S. W. 927; 75 Miss. 275; 71 Vt. 493; 45 Atl. 1051; 161 Ill. 223.    The act will not be so construed as to lead to absurd consequences.    100 Ga. 305;    28 S. E. 43; Lewis' Suth. Stat. Const. 926.    Every intendment should be made to favor its constitutionality.    25 Ark. 101; 66 Ark. 466; 69 Ark. 378; 75 Ark. 120; Cooley, Const. Lim. 253;    8 W. Va. 612;    15 Mich. 322; 30 *Id.* 309; 160 Mo. 190; 60 S. W. 1093.    The act should be liberally construed.    97 Minn. 11; *Id.* 532; 186 N. Y. 471; 53 Ark. 49; 48 Ark. 370.

*H. C. Mechem,* for appellees.

The act is unconstitutional because it lays no tax upon estates exceeding $50,000.00.    113 Wis. 205;    53 O. St. 314; 171 N. Y. 48; 191 Pa. 1;    170 U. S. 283; 167 Ill. 217; 93 Ark. 612;    70 Ark. 26.

KIRBY, J.    This proceeding was begun in the probate court below by the Attorney General against the executors of the estate of Sparks, who died in July, 1907, for the collection of the inheritance tax claimed to be due out of the property of said estate before distribution thereof.    The relief was denied by the courts below upon the ground, in their opinion, that the act of 1907, under which the proceeding was had, was unconstitutional and void.

The only question presented by this appeal is the validity of the act of the Legislature, approved May 17, 1907, amending the Inheritance Tax Law, § § 242, 243, of Kirby's Digest.    The constitutionality of the act is challenged, it being claimed that it makes an arbitrary classification of estates and exempts

from taxation estates of the third class exceeding $50,000 in value. The sections as amended read as follows:

"Section 242: All property within the jurisdiction of this State and any interest therein, whether belonging to inhabitants of this State or not, and whether tangible or intangible, which shall pass by will or by the intestate laws of this State, or by deed, grant, sale or gift made or intended to take effect in possession after the death of the grantor, to any person or corporation in trust or otherwise, shall be subject to a tax at the rate hereinafter specified. When the property or any interest therein shall pass to a grandfather, grandmother, father, mother, husband, wife, lineal descendant, brother, sister, or any child thereof, any adopted child or any lineal descendant thereof, in every such case the rate of tax shall be one dollar on every hundred dollars of the clear market value of such property received; *provided,* that any estate which may be valued at a less sum than $20,000 shall not be subject to any such tax, the excess over such sum only being taxable. When the property or any interest therein shall pass to any uncle, aunt, niece, nephew, or to any lineal descendant of the same, in every such case the rate of tax shall be two dollars on every one hundred dollars of the clear market value of such property in excess of the sum of five thousand dollars. In all other cases the rate shall be as follows: On each and every hundred dollars of the clear market value of all property and at the same rate for any less amount; on all estates of ten thousand dollars and less, three dollars; on all estates of over ten thousand dollars and not exceeding twenty thousand dollars, four dollars; on all estates of over twenty thousand dollars and not exceeding fifty thousand dollars, five dollars; *provided,* that an estate of not exceeding two thousand dollars in value shall not be subject to tax.

"Section 243: When any person shall bequeath or devise any property to or for the use of grandfather, grandmother, father, mother, husband, wife, lineal descendant, brother, sister, or any child thereof, any adopted child or any heir of an adopted child or any lineal descendant thereof, during life or for a term of years, and the remainder to another, the value of the prior estate shall, within sixty days after the death of the testator, be appraised in the manner hereinafter provided,

and shall be taxable as provided in the preceding section, and the remainder of the estate shall likewise be taxable as therein provided, which tax shall be payable within one year from the death of said testator, and, together with any interest that may accrue on the same, shall be and remain a lien on said property until paid to the State."

The effect of the amendment of said section 242, Kirby's Digest, was to substitute the section, as amended and re-enacted, for the old section and repeal it, or, as said in *Edland* v. *State,* 91 Ark. 245, "to so change the former act as to make it read in the same manner it would have read, and to give it the same effect it would have had, if it had been originally enacted as amended." Article 5, sec. 32, Constitution.

The section as amended provides that "all property within the jurisdiction of the State and any interest therein, etc. * * * shall be subject to the tax at the rate hereinafter specified," the latter part of it fixing a tax on property passing to strangers upon a progressive or rising scale, as follows:

"On each and every $100.00 of the clear market value of all property, and at the same rate for any less amount:

On all estates of $10,000 and less ............................................................$3.00
On all estates of over $10,000, not exceeding $20,000............................4.00
On all estates over $20,000 and not exceeding $50,000 ............5.00
*Provided,* that an estate of not exceeding $2,000 in value shall not be subject to taxation."

The contention is that it was the intention of the Legislature to exempt estates of the last class exceeding $50,000 in value from taxation. The legislative intent is to be derived from a fair and reasonable construction of the act, having in mind the thing desired to be accomplished or the evil to be remedied, consistent with the limitations upon its power in the Constitution. In testing its validity, the courts must resolve all doubts in its favor and uphold it, unless it is clearly an abuse of the legislative power. Ex parte *Byles,* 93 Ark. 617.

All doubts as to the constitutionality of the statute are resolved in favor of the statute, and when one construction will make a statute void for conflict with the Constitution, and another will render it valid, the latter will be adopted, though the former at first is the more natural interpretation of the language. *Waterman* v. *Hawkins,* 75 Ark. 125.

The Constitution provides that all property subject to taxation shall be taxed according to its value, making same equal and uniform; that no one species of property shall be taxed higher than another of equal value; and also gives the Legislature power "to tax hawkers, peddlers, ferries, exhibitions, and privileges in such a manner as may be deemed proper." Art. 16, § 5, Const. 1874.

It exempts certain property from taxation, and declares "all laws exempting property from taxation, other than as provided in this Constitution, shall be void." Art. 16, § 6. It also declares: "The equality of all persons before the law is recognized and shall ever remain inviolate, etc." Art. 2, § 3.

If this were an attempt to tax the property of the estate, there might be some merit in the contention; but it may now be regarded as settled law that inheritance taxes are not laid upon property, but upon the privilege or right of succession to it; or, in other words, it is in the nature of excise tax, and not subject to the same tests with respect to equality and uniformity as taxes levied upon property. *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283; *State* v. *Bazille* (Minn.) 106 N. W. 93; 6 L. R. A. (N. S.) 732; *State* v. *Clark,* 30 Wash. 439; *Union Trust Co.* v. *Wayne,* 125 Mich. 487; In re *Wilmerding,* 117 Cal. 281; *State* v. *Alston,* 94 Tenn. 674.

We recognize this is true, and hold that the tax provided by this act upon the privilege of succeeding to inheritances and estates was well within the power of the Legislature to impose, being included within its expressed power: "To tax * * * privileges in such manner as may be deemed proper."

The manifest intention of the act was to levy the taxes alike upon all property of the estate, determining the tax by the amount or value of property in the different classes in which it was divided, and it was not intended that estates above $50,000 in value, passing to strangers, should escape payment of the tax; and since all property is to be taxed in the lowest division of said section 242 according to the value in the different classes if the estate be above $2,000, we hold that it was the intention of the Legislature to levy a tax "on all estates of over $20,000 and not exceeding $50,000, $5.00" and that by such expression estates over $50,000 were to be taxed upon $50,000 valuation at said rate. In other words, that it was not

intended to exempt from the tax altogether estates exceeding in value $50,000 under the classification, but only the amount in excess thereof, the amount of the estate to and including that sum being subject to the tax. It was doubtless thought by the Legislature that few if any estates of that amount would be distributed as indicated, and it was intended, in such event, that only that part of same above the valuation of $50,000 should be exempt from the tax and the $50,000 thereof subject to it. We hold this a fair construction of the language of the statute, there being always a presumption against the construction which would render a statute ineffective on account of conflict with the Constitution. The statute, so construed, violates no equality provisions of the Constitution, and it, being a statute taxing privileges and not property, does not conflict with the uniformity provision. It but divides the value of estates passing to certain classes of persons into certain amounts, a reasonable classification for the purpose of laying or levying a progressive inheritance tax, and treats all persons within the classes designated alike and without discrimination, and is a valid enactment.

The judgment herein will be reversed, and the case remanded for further proceedings in accordance with law and this opinion.

Mr. Justice HART dissenting.