McDANIEL, STATE TREASURER v. HERRN.

Opinion delivered October 11, 1915.

INHERITANCE TAX—EXEMPTIONS—DISTRIBUTEES.—The amount exempted, under the inheritance tax law, Act 303, Acts 1909, is to be deducted from the amount to be taxed, after the property, or interest therein of the respective parties, has been passed to or distributed to and received by them.

Appeal from Sharp Circuit Court, Southern District; J. B. Baker, Judge; affirmed.

### STATEMENT BY THE COURT.

James Cochran died on the 26th day of May, 1911, leaving an estate valued at $23,816.65. Annie P. Cochran, his widow, received $5,207.40. Mrs. Herrn, the daughter of Cochran, received $9,304.62; and six children and one grandchild of W. D. Cochran, deceased, the son of James Cochran, deceased, received each the sum of $1,329.23, or a total of $9,304.62.

This suit was brought by the appellant as State Treasurer, against the appellee, who was the administrator of the estate of James Cochran, to collect inheritance taxes. The case was begun in the probate court, and upon appeal to the circuit court, upon the above facts, that court found that the amounts received by Mrs. Cochran and Mrs. Herrn in excess of $5,000 were subject to a tax under Act 303 of the Acts of 1909, and accordingly deducted from the amounts received from them respectively the sum of $5,000 and rendered judgment in accordance with his holding, from which this appeal has been duly prosecuted. No question is raised here as to whether the interest of Mrs. Cochran as widow is subject to the tax.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellant.

We think that the word "estate" as used in the act, refers to the residuum of the decedent's property inventoried and appraised under the law, remaining after all claims of creditors, costs of administration, etc., have been deducted therefrom; and it seems clear that only one exemption can be made for each class of beneficiaries, without regard to the number of individuals in that class.

Here, all the beneficiaries are in the same class, the first class mentioned in the act of 1909; therefore, only one exemption of five thousand dollars should be made. 100 Ark. 175.

Appellee, *pro se.*

The question at issue in this case was not raised in the case of *State* v. *Handlin,* 100 Ark. 175, and that case does not apply.

Section 4 of Act 303, Acts 1909, is so clear in its meaning as to need no interpretation. To construe section 3 of the act as contended for by appellant would give a construction contrary to the policy of our laws of descents and distributions, unjust and unreasonable, more favorable to collateral heirs than to direct descendants. A reasonable interpretation of section 3 of the act, in the light of the provisions of section 4, leads to the conclusion that the word "estate" in section 3 does not mean the whole property left by the decedent, but the property received by the heir or distributee. 23 Am. & Eng. Enc. of L. (1 ed.) 306, paragraph 5; *Id.* 315, note 2; *Id.* 358, 362, and notes.

Wood, J., (after stating the facts). The above act provides that all property in the State, which shall pass by will or by the intestate laws, or by sale or gift in possession to take effect after the death of the grantor or donor shall be liable to a tax for the use of the State, which shall constitute a lien on the property charged with the tax.

Section 3 of the act is as follows: "When the property or any interest therein shall pass to a grandfather, grandmother, father, mother, husband, wife, lineal descendant, brother, sister, or any adopted child, in every such case the rate of tax shall be one dollar on every hundred dollars of the clear market value of such property received; provided that any estate which may be valued at less than five thousand dollars ($5,000) shall not be subject to any tax, the excess over such sum only being taxed."

The sole question presented by this appeal is whether or not the $5,000.00 specified in section 3 is to be deducted from the amount of the value of the entire estate as the property of the decedent and the tax imposed on the remainder, or whether the amount exempted is

to be deducted only after the **property, or interest therein,** of the respective parties has been passed or distributed to and received by them. In other words, as to whether the tax is to be imposed according to the value of the property or interest therein of the respective individuals named as beneficiaries in the act after the property has been passed or distributed to and received by them, or whether it should be imposed upon the classes on the value of the entire estate after deducting the $5,000.00 exemption specified.

Section 4 of the act provides: "When the property or any interest therein shall pass to an uncle, aunt, niece, nephew, or any lineal descendant of the same, in every such case the rate of tax shall be two dollars on every one hundred dollars of the clear market value of such property received in excess of the sum of $2,000.00."

Appellant relies upon *State* v. *Handlin,* 100 Ark. 175, as authority for his contention that the $5,000.00 must be deducted from the value of the entire estate mentioned and passing under the statute before the same has been passed or distributed to those named as beneficiaries under the statute, and that the tax is to be imposed upon the remainder and paid by all the distributees or beneficiaries of the estate under the statute, regardless of whether they have received an amount in excess of $5,000.00 or not. But no such question was raised or considered there. In that case we said: "The only question presented by this appeal is the validity of the act of the Legislature approved May 17, 1907, amending the inheritance tax law. The constitutionality of the act is challenged, it being contended that it makes an arbitrary classification of estates and exempts from taxation estates of the third class exceeding $50,000.00 in value."

In the case of *State* v. *Handlin, supra,* we held that the statute, which was very similar to the one under consideration, was a provision for an inheritance tax and not for a tax on property; that it provided for a tax upon the privilege of the right of succession to property, and, as such, was not subject to the same test with respect to its

equality and uniformity as taxes levied upon property. True, Mr. Justice Kirby, speaking for the court, said: "The manifest intention of the act was to levy the taxes alike upon all property of the estate, determining the tax by the amount of the value of the property in the different classes in which it was divided, and it was not intended that estates above $50,000 in value, passing to strangers, should escape the payment of the tax."

The appellant relies upon this language of the opinion to support his contention that the tax must be levied upon the entire estate as of the property of the decedent, after deducting the amount of the exemption specified. But the above language of the opinion must be considered with reference to the question then before the court for decision, and when so considered it will be seen that it had no reference whatever to the issue now to be decided. The language used was merely by way of argument to show that the classification provided by the act for determining the amount of the inheritance tax to be paid did not render the act unconstitutional. The contention in that case was that the act was unconstitutional because under the classification therein provided estates exceeding in value the sum of $50,000 were exempt from taxation, and that, therefore, the act violated the provision of the Constitution requiring that taxes shall be equal and uniform. The language quoted above was used in answer to that contention.

In the latter part of the opinion in that case the court said: "The statute, so construed, violates no equality provisions of the Constitution, and it, being a statute taxing privileges and not property, does not conflict with the uniformity provision. But it divides the value of estates passing to certain classes of persons into certain amounts, a reasonable classification for the purpose of laying or levying a progressive inheritance tax, and treats all persons within the classes designated alike and without discrimination, and is a valid enactment."

The words "property or any interest therein," and the word "estate," as used in the section above quoted,

have reference to the property, or any interest therein, after it has been passed, transferred or distributed to and received by the respective persons mentioned in the statute, whether they take as individual or corporate legatees, or devisees, vendees, donees or grantees, heirs, next of kin, etc., and the amounts of $5,000 and $2,000 show the value of the estate for which an inheritance tax shall be imposed on the persons receiving the same, according to the respective classifications into which the statute divides them. This was declared to be the meaning of the words "estate" and "property" in an act passed in 1913, repealing the act now under review. See Act 197 of the Acts of 1913. This is the correct interpretation of these words as used in the statute now under consideration.

There would be no ambiguity whatever about the statute were it not for the word "estate" used in section 3 of the act above in the clause, "provided that every estate," etc. But when the word "estate" as there used is considered in connection with the language of the remainder of the section and the language of section 4, it is clear that the term "estate" was used synonymously with the words "property or any interest therein." The words "estate" and "property" are frequently used as convertible terms; they are often synonymous in meaning, depending upon the context. See Funk & Wagnall's New Standard Dictionary of the English Language, "Estate," "property."

It is a well established canon of interpretation that the object to be attained and the purpose of the Legislature are to be kept in mind in construing a statute. If the language used in a statute is susceptible of more than one construction, then the meaning must be given to it which is in harmony with the purpose to be attained rather than a construction which would tend to defeat it. 23 Am. & Eng. Enc. Law (1 ed.), p. 319, and cases cited in note.

In *St. Louis, I. M. & S. Ry. Co.* v. *State,* 102 Ark. 205-208, we quoted from *Green* v. *Weller,* 32 Miss. 650, as follows: "The true sense in which words are used in a

statute is to be ascertained generally by taking them in their ordinary and popular signification, or, if they be terms of art, in their technical meaning. But it is also a cardinal rule of exposition that the intention is to be deduced from the whole, and every part of the statute, taken and compared together—from the words and context, and such construction adopted as will effectuate the intention of the law-makers.'' Potter's Dwarris on Stat. 197, 201.

Now it was the manifest purpose of the law makers, as gathered from the language of the act under consideration, to exempt certain classes of individuals and the particular individuals coming within those classes from the tax imposed by the statute, unless those individuals receive property, or an interest therein, of a greater value than the amount specified as exempting them from the tax. The purpose of the Legislature was not to tax all persons who might have property or who were beneficiaries of an estate under sections 3 and 4 of the statute, but to tax only those persons of the classes named who might receive property of the value of more than $5,000 and $2,000 respectively. But if the construction contended for by the State be correct, then every beneficiary in the class mentioned in section 3 would have to pay a part of the tax there imposed, regardless of whether the value of the property or interest therein which he or she received exceeded the sum of $5,000. If such had been the intention of the Legislature it seems clear to us that it would have made some provision in the statute for prorating the tax among the several recipients of the entire estate of the decedent.

It follows that the judgment of the circuit court is correct and it is therefore affirmed.