In Re Estate of R. A. Clarkson, Deceased.

Opinion delivered October 9, 1916.

1. Inheritance tax—stock of resident decedent in foreign corporation—conflict of laws.—The probate court in Arkansas may consider shares of stock in a foreign corporation owned by deceased, a resident of Arkansas, at the time of his death, as property of the estate in computing the inheritance tax upon the estate of deceased, and may tax the transfer of the same when made by will, under Act 197, p. 826, Acts of 1913.

2. Inheritance tax—nature of—may be levied upon what property.—The inheritance tax is a tax upon the right of succession, and it may be levied upon all property which passes from one person to another under the laws of this State, whether under the laws regulating descent and distribution, or the devolution of property by will, or otherwise.

Appeal from Sebastian Circuit Court; *Paul Little*, Judge; affirmed.

*Warner & Warner*, for appellant.

1. The lower court erred in holding that the shares of stock in the Oklahoma corporation were subject to inheritance tax in Arkansas. These shares are not within the terms and provisions of the Act 1913, p. 826. The intangible property must be within the State and possessed by a citizen of this State or resident thereof. These certificates of shares are in a foreign corporation and are in possession of the administrator in Oklahoma and the tax has been paid on them in that State.

The certificates are mere evidences of ownership of property in Oklahoma. A certificate of stock is different from an ordinary chattel. It is only evidence of ownership of stock held by the Oklahoma corporation for the benefit of the owner and cannot be within the purview of the law of this State. 117 U. S. 1, 44 S. Ed., 647, 651; 25 L. R. A. (N. S.) 384. The stock and corporation are physically outside this State. It is necessary that two things exist in order that the statute may apply. (1) The certificates must be "intangible property," and (2) that the property or stock is "within the State of Arkansas." But the stock is in possession of the Oklahoma administrator and the laws of that State govern.

2. A fictitious *situs* cannot prevail over the actual *situs* located by the decedent himself. 150 N. Y. 1. The fiction of *"mobilia sequuntur personam"* is not applicable. 80 Ark. 138; 23 N. Y. 224, 228; Story Confl. of Laws, § 550; 141 U. S. 18, 22; 51 U. S. L. Ed., 853; 51 *Id.* 1106.

3. The Oklahoma tax is valid and has been paid. 25 L. R. A. (N. S.) 384; 47 U. S. L. Ed., 439, 444. Statutes imposing this tax are strictly construed against the government and all doubts resolved in favor of the taxpayer. 85 Pac. 1129; 161 N. Y. 211; 140 *Id.* 306; 46 U. S. (L. Ed.) 697; 37 Cal. 283. 56 Atl. 281, is a similar case and reaches the correct conclusion. The reasoning is conclusive. See also 25 So. 229; 87 Am. St. 90; 25 S. W. 202; 2 Beach Priv. Corp., § 633.

4. No inheritance tax can be imposed. 5 Pa. St. 144; 81 N. W. 603; 55 N. C. 51; 15 Can. S. C. 469; 97 Pa. St. 179; Ror. Int. St. Law 205. The actual situs of the property and not the domicile of the owner is the criterion. 81 N. W. 603.

*G. C.* and *Joe Hardin*, for appellee.

1. This is "intangible property" under the Act and clearly subject to the tax. The property was transferred by will. This is *not* a tax upon property but a tax upon the transfer of property. Acts Ark. No. 197, 1913, § 2; 100 Ark. 175; 120 Ark. 295.

2.   The question involved here as to the power of probate courts of the testator's domicile to compute shares of stock owned by the decedent at death in a foreign corporation in arriving at the inheritance tax due is well settled.   83 N. E. 881; 26 Atl. 728; *Id.* 27; 28 *Id.* 137; 38 N. E. 961; 36 *Id.* 505; 32 *Id.* 1096; 81 N. W. 603.

3.   Any intangible property of a resident of this State, wherever situated is subject to the tax.   32 N. E. 1096; *Ib.* 1091; 83 *Id.* 881; 55 *Id.* 623; 26 Atl. 728; 49 Pa. St. 519; 81 N. W. 603; 25 So. 259; 100 Ark. 175; 179 S. W. 491; Dos Passos on Int. Tax, Ch. 4, § 46; Cent. Dig. 45   Taxation, 1685-1688; Blakemore & Bancroff on Inher. Tax, §§ 192-3, and many others.   The Act works no hardships and only fixes a transfer tax on property clearly within the jurisdiction of the State.

SMITH, J.   R. A. Clarkson was a citizen of Fort Smith at the time of his death, and was then the owner of $20,000.00 of the capital stock of an Oklahoma corporation in addition to certain real estate and personal property in this State.   All of this property was disposed of by will, but there was an ancillary administration in Oklahoma whereby this corporate stock was administered upon.   The inheritance tax upon all the property in this State has been paid and it is now sought to subject this stock to the payment of the tax.

The question at issue is stated in one of the excellent briefs in the case as follows:

"Has the probate court in Arkansas authority to consider said shares of stock in a foreign corporation as property of the estate in computing the inheritance tax upon said estate and to tax the transfer of same when made by the will of a resident testator?"

The court below held the property subject to the tax, and the representatives of the estate have duly prosecuted this appeal.

The proceeding is had under Act 197 of the Acts of 1913, page 826, and so much of the Act as is relevant here reads as follows:

"Section 2. Taxable Transfers. A tax shall be and is hereby imposed upon the transfer of any tangible property within the State and of intangible property or any interest therein or income therefrom, in trust or otherwise, to persons or corporations in the following cases, subject to the exceptions and limitations hereinafter prescribed:

"(1) When a transfer is by will or by the interstate laws of this State of any intangible property or of tangible property within the State from any person dying seized or possessed thereof while a resident of the State."

Subdivision 2 of Section 1 of the Act defines tangible property as follows:

"The words 'tangible property' as used in this Act shall be taken to mean corporeal property, such as real estate and goods, wares and merchandise, and shall not be taken to mean money, deposits in banks, shares of stock, bonds, notes, credits or evidences of an interest in property or evidences of debt."

Subdivision 3 of the same Section defines intangible property as follows:

"The words 'intangible property' as used in this Act shall be taken to mean incorporeal property, including money, deposits in bank, shares of stock, bonds, notes, credits, evidences of an interest in property and evidences of debt."

And Subdivision 4 of the same Section defines the meaning of the word transfer as there employed as follows:

"The word 'transfer' as used in this Act shall be taken to include the passing of property or any interest therein in possession or enjoyment, present or future, by inheritance, descent, devise, bequest, grant, deed, bargain, sale or gift in the manner herein prescribed."

It is insisted by appellants in opposition to the judgment of the court below that the certificates of stock were not "intangible property within the State of Arkansas" unless the maxim *"mobilia sequunter personam"* is applied, and it is urged that this maxim should not be applied here because it is conceded that these shares are subject to the succession or transfer tax imposed by the

State of Oklahoma, and that the Oklahoma tax has been assessed and paid. It is said, therefore, that because Oklahoma can impose, and has imposed, this tax, it is wholly inconsistent for this State to do the same thing, and that the inheritance tax can only be imposed by a State upon the personal property of a domiciled decedent which is actually in the State at the time of his death, or which may subsequently be brought into it for the purposes of administration, and that no inheritance tax can be levied upon the personal property of a domiciled decedent which at the time of his death is located beyond the domain of the State and which is never brought within the State of his domicile for administration. It is pointed out that this inheritance or succession tax is a special and not a general tax and that the statute is therefore to be strictly construed in favor of the taxpayer and against the government. That such statutes are to be so construed was recognized by us in the case of *State* v. *Handlin*, 100 Ark. 175, and *McDaniel* v. *Byrkett*, 120 Ark. 295.

It is, therefore, necessary that the authority for the imposition of this tax affirmatively appear in the Act providing for its collection. We think this authority does appear. It will be seen from the part of Section 2 quoted above that the tax is imposed only upon the tangible property which is situated within the State, while all intangible property of residents of the State, wherever situated, is subject to the tax; and Subdivisions 2 and 3 of Section 1 quoted above define both tangible and intangible property, and "shares of stock" are expressly included in the definition of intangible property. It appears, therefore, that the State has undertaken to make these shares of stock taxable and has in fact done so, if it has that authority.

We have said that this Act does not levy a tax upon the property of a decedent, but is a tax upon the right of succession. *McDaniel* v. *Byrkett*, 120 Ark. 295; *State* v. *Handlin*, 100 Ark. 175. It may, therefore, be levied upon all property which passes from one person to another under the laws of this State, whether those laws be those

of descent and distribution, or laws regulating the devolution of property by will or otherwise.

The right of the State to impose such tax is universally recognized and many, if not all, of the States have availed themselves of this method of raising public revenues, and there are many cases which discuss the nature of this power and uphold the authority of the State in its exercise.

A late case on the subject and one which announces the principles which control here is the case of *Re Hodges*, 150 Pac. 344. The case is also reported in L. R. A. 1916-A, page 839. The subject is there considered both on reason and the authorities. The facts of that case were that one Hodges, a resident of California, died in Massachusetts. His estate consisted in part of the stocks of certain corporations of Massachusetts, of which State he had formerly been a citizen. There was an ancillary administration upon these stocks in that State under a trust provision of the will, and in opposition to the attempt of the State of California to tax these stocks the same arguments were there made as have been advanced here. In the opinion in that case it was said:

"It is further claimed that the imposition of the inheritance tax by this State subjects this property of the decedent to double taxation in violation of the Federal Constitution. The point is presented under a stipulation that the State of Massachusetts, on distribution of this personal property under the ancillary administration, has there imposed an inheritance tax of that State upon it. In support of this contention appellants cite and rely on several decisions of the Supreme Court of the United States. But these cases, which involved the power of the State as to the imposition of general or annual taxes upon personal property, are not applicable in determining the legality of inheritance taxes. It is not only so stated by the Supreme Court of the United States, but the right to impose such a tax on personal property of a decedent in the State of the domicile of the decedent under the principle of '*mobilia sequuntur personam*,' and also in the State of the actual location of such property, and that

such taxation in both violates no principle of constitutional law as constituting double taxation, is sustained. In *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194, 50 L. Ed. 150, 26 Sup. Ct. Rep. 36, 4 Ann. Cas. 493, that court, in deciding that certain personal property—railroad cars—was not subject to annual taxation when not physically located in the State levying it, says, in concluding its opinion on the subject: 'It is unnecessary to say that this case does not involve the question of the taxation of intangible personal property, or of inheritance or succession taxes,   *   *   *   which are controlled by different considerations.' "

The court also quoted from the opinion in *Blackstone* v. *Miller*, 188 U. S. 189, 47 L. Ed. 439, the following language:

"And, further: 'No doubt this power on the part of two States to tax on different and more or less inconsistent principles leads to some hardship. It may be regretted, also, that one and the same State should be seen taxing on the one hand according to the fact of power, and on the other, at the same time, according to the fiction that, in successions after death, *'mobilia sequunter personam'*, and domicile governs the whole. But these inconsistencies infringe no rule of constitutional law.' "

We are not concerned with questions of policy; we can consider only those of power, and it appearing that in the imposition of this tax the State has exercised a power which inheres in it we must affirm the judgment of the court below, which was pronounced pursuant to the Act of the Legislature providing for its exercise. In the California case quoted from, the leading cases on the subject are cited, including several annotated cases, which collect many other cases on the subject.

The judgment of the court below is, therefore, affirmed.