GREINER, EXECUTRIX OF KINGSLEY, *v.* LEW-ELLYN, COLLECTOR OF INTERNAL REVENUE.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

. No. 187.  Argued March 22, 1922.—Decided April 10, 1922.

In imposing a tax on the transfer of an estate by death, Congress has
power to require that state municipal bonds forming part of the
estate be included in determining its net value, by which the tax is
measured.  Act of September 8, 1916, c. 463, 39 Stat. 756.  P. 387.
Affirmed.

ERROR to a judgment of the District Court, for the de-fendant, in an action to recover taxes alleged to have been illegally collected.

*Mr. W. D. Stewart* and *Mr. Levi Cooke,* with whom *Mr. Charles M. Thorp* and *Mr. R. G. Bostwick* were on the brief, for plaintiff in error.

The Federal Government cannot tax municipal securi-ties directly or indirectly.  *Pollock* v. *Farmers' Loan & Trust Co.,* 157 U. S. 429, 583.

. It is true that in *United States* v. *Perkins,* 163 U. S. 625; and *Plummer* v. *Coler,* 178 U. S. 115, it was held in the one case that an inheritance tax of the State of New York could be taken out of a bequest to the United States, and in the other that a bequest of bonds of the United States was subject to a state inheritance tax.  It is also true that in *Knowlton* v. *Moore,* 178 U. S. 41, it was decided that the United States had the power to impose an inheritance tax.  But the state taxes were upheld in the first two cases, not simply on the authority of the State to impose an inheritance tax, but upon its ad-mitted right to regulate the transmission or receipt of property by death.  On the other hand, the right of the United States to levy an inheritance tax, which was upheld in *Knowlton* v. *Moore,* was based solely upon the

general power of the United States to tax, and that case therefore conveys no intimation that there is authority in the United States to levy an inheritance tax upon an object which it has no power under the Constitution to tax at all, either directly or indirectly. The distinction between the two, that is, between the broader power of a State resulting from its authority not only to tax but also to regulate the transmission or receipt of property by death, and the narrower power, that is, of taxation alone vested in the Government of the United States, was explicitly pointed out in *Knowlton* v. *Moore, supra,* p. 58.

This court, in *United States* v. *Perkins,* 163 U. S. 625, 628, recognized that the inheritance tax of New York was not a tax at all, although it was levied in the form of a tax. *Orr* v. *Gilman,* 183 U. S. 278; *Mager* v. *Grima,* 8 How. 490; *Matter of Sherman,* 153 N. Y. 1; *Estate of Swift,* 137 N. Y. 77, 81; *Billings* v. *Illinois,* 188 U. S. 97, 104; *Strauss* v. *State,* 36 N. Dak. 594, 601; *People* v. *Griffith,* 245 Ill. 532, 537; *Matter of Hamilton,* 148 N. Y. 310, 313; *Warner* v. *Corbin,* 91 Conn. 536.

The power of testamentary disposition or succession to a decedent's estate is purely a matter of statutory grant, and if the State sees fit, it may withhold the privilege altogether, *Neilson* v. *Russell,* 76 N. J. L. 27; *United States* v. *Perkins, supra; Matter of Watson,* 226 N. Y. 384, 395; and it therefore becomes clear that it is entirely immaterial whether the estate of a decedent be composed of United States bonds or anything else, for to assert the contrary would be to hold that the State could be deprived of its indisputable sovereign right of regulation merely by the form of decedent's investment. The right of testamentary disposition is purely a matter of grace on the part of the various States. *Mager v. Grima, supra; Knowlton v. Moore, supra,* 55; *Uterhart v. United States,* 240 U. S. 598, 603; *Maxwell v. Bugbee,* 250 U. S. 525. A State can absolutely prohibit a devise to the

United States. *United States* v. *Fox,* 94 U. S. 315; *Chanler* v. *Kelsey,* 205 U. S. 466, 480.

In *Snyder* v. *Bettman,* 190 U. S. 249, involving the question whether the Federal Government could tax a legacy to a state municipality, the municipality could not assert that it was taking the property in its governmental capacity. It was simply taking a bequest of the testator's property and the tax was upon the testator's roperty. *Plummer* v. *Coler, supra.* There was therefore no interference with any governmental function. The municipality took solely by virtue of the testator's act and the legacy paid the tax.

*Mr. Solicitor General Beck,* with whom *Mr. Robert P. Reeder,* Special Assistant to the Attorney General, was on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This action was brought in the federal court for Western Pennsylvania against the Collector of Internal Revenue to recover part of an amount assessed as estate tax under the Act of September 8, 1916, c. 463, Title II, 39 Stat. 756, 777, and paid by the plaintiff as executrix of the estate of Kate B. Kingsley. In determining the net value of the estate upon the transfer of which the tax was imposed, the Collector had included bonds issued by political subdivisions of the State of Pennsylvania. The executrix claimed that to include these municipal bonds was in effect to tax them—which the Federal Government is under the Constitution without power to do. *Pollock* v. *Farmers' Loan & Trust Co.,* 157 U. S. 429, 583, 654; 158 U. S. 601, 618, 693. The District Court overruled this claim and entered judgment for defendant. The case comes here on writ of error under § 238 of the Judicial Code. Whether Congress has power to require that state

municipal bonds held by a decedent be included for the purpose of determining the net value on which the estate tax is imposed is the sole question presented for decision.

That the Federal Government has power to tax the transmission of legacies was settled by *Knowlton* v. *Moore*, 178 U. S. 41; and that it has the power to tax the transfer of the net assets of a decedent's estate was settled by *New York Trust Co.* v. *Eisner*, 256 U. S. 345. The latter case has established also that the estate tax imposed by the Act of 1916, like 'the earlier legacy or succession tax, is a duty or excise, and not a direct tax 'like that on income from municipal bonds. *Pollock* v. *Farmers*' *Loan & Trust Co.*, *supra*. A State may impose a legacy tax on a bequest to the United States, *United States* v. *Perkins*, 163 U. S. 625, or on a bequest which consists wholly of United States bonds, *Plummer* v. *Coler*, 178 U. S. 115; *Orr* v. *Gilman*, 183 U. S. 278. Likewise the Federal Government may impose a succession tax upon a bequest to a municipal corporation of a State, *Snyder* v. *Bettman*, 190 U. S. 249, or may, in determining the amount for which the estate tax is assessable, under the Act of 1916, include sums required to be paid to a State as inheritance tax, for the estate tax is the antithesis of a direct tax, *New York Trust Co.* v. *Eisner, supra*. Municipal bonds of a State stand in this respect in no different position from money payable to it. The transfer upon death is taxable, whatsoever the character of the property transferred and to whomsoever the transfer is made. It follows that in determining the amount of decedent's net estate municipal bonds were properly included.

                                             *Affirmed.*