### SHUKERT et al. v. ALLEN, Collector of Internal Revenue.

(District Court, D. Nebraska, Omaha Division. May 20, 1924.)

No. 1554.

1. **Internal revenue ⬦⟿8—Gifts made in contemplation of death subject to federal inheritance tax.**

   Gifts made in contemplation of death are subject to federal inheritance tax, though they create rights in præsenti.

2. **Internal revenue ⬦⟿8—Trust intended to take effect in possession or enjoyment after decedent's death subject to federal inheritance tax.**

   A trust intended to take effect in possession or enjoyment after decedent's death is subject to federal inheritance tax.

3. **Internal revenue ⬦⟿8—Trust, equitable enjoyment of which was to come to children 30 years after creation, held subject to inheritance tax.**

   Where decedent, at a time where his expectancy, according to mortality tables, was only about 17 years, created a trust, the equitable possession and enjoyment of which was to come to his children 30 years after its creation, *held*, that trust was a gift intended to take effect after decedent's death, and hence was subject to federal inheritance tax.

4. **Internal revenue ⬦⟿4—Tax statutes strictly interpreted, so as not to enlarge government claims.**

   Tax statutes must be interpreted strictly, so as not to enlarge claims of the government, and in case of ambiguity or uncertainty rights of citizens rather than government are favored.

At Law. Action by Elizabeth F. Shukert and another, executrices of the estate of Gustave E. Shukert, deceased, against Arthur B. Allen, Collector of Internal Revenue, District of Nebraska. On motions to direct a verdict. Verdict directed for defendant.

⬦⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODROUGH, District Judge (on motions to direct verdict). There is a motion now by plaintiffs to instruct the jury to return a verdict for the plaintiffs, and there is, on the part of the government, a request to instruct the jury .to return a verdict for the defendant on the ground that the undisputed evidence shows a trust created by Gustave E. Shukert in his lifetime, which was intended to take effect in possession and enjoyment after his death, and those are the two motions or requests to which I will direct my attention.

The primary purpose undoubtedly of the federal Inheritance Tax Law (Comp. St. § 6336½a et seq.) is to tax inheritances and lay a tax on the moneys that go from a decedent to his beneficiaries by will or descent. But that is not the whole purpose of the law. Such laws as preceded the federal act in many of the states, and the experience under them, had early demonstrated that, where taxes, especially heavy taxes, were to be laid upon inheritances, many things were done to bring about the devolution of property from an ancestor to children or kindred that did not come squarely within the law of inheritance. That had been made very apparent, and those interested in such matters were very familiar with at least several ways in which property was carried over from ancestor to children and kindred by other means than the operation of the law of inheritance, so that when the federal act came to be enacted it included at least some methods of what I may call devolution or transfer of property that were not strictly within the operation of the laws of inheritance.

[1] The first and most conspicuous matter that was covered in the law was to provide a tax on gifts and transfers and deeds and trusts that are made by a property owner in contemplation of death. Now, such gifts, transfers, deeds, and trusts, independent of that statute, did operate to create vested interests in præsenti immediately upon the execution. They were lawful, they were proper, they were well recognized, nothing wrong about them; all of them, or almost all of them, resulting from the natural affection of families, and all upheld by the law, all eminently proper but so nearly related to the operation of the law of inheritance that it was apparent that large sums would be exempted from the statutes unless those means of transferring property were also mentioned and covered by the tax. So that was settled that gifts, even though in præsenti, although creating rights in præsenti, were subject to tax, if made in contemplation of death.

[2] Now, the other provision is that property of the decedent shall be subject to the tax if it appears that the decedent has at any time, whether before or after February 24, 1919, at any time, created a trust intended to take effect in possession or enjoyment after his death.

[3] In this case it stands undisputed that Mr. Shukert did, out of, as appears by the undisputed evidence, an unusual and extraordinary regard for the interests of those who had a claim upon his bounty and care, his children, make this trust in question, and did create it, turn it over to the United States Trust Company; that the terms of the trust were such that Shukert himself entirely parted with the title to his own property, and split the ownership of the property up into two parts, creating both a legal and equitable property therein, and that the nature of the trust was such that it operated in

præsenti to confer both the legal and equitable title upon the parties designated—no question about that. But the time fixed, and that he had in mind for the beneficiaries of that trust to come into possession or enjoyment thereof, was a period 30 years beyond the time when he created the trust. It stands undisputed here that, in the conversations he had with those who were helping him create this trust at his direction, he declared his purpose in a general way, sufficiently disclosed, or very clearly disclosed, and corroborated anyway by the terms of the trust itself, that in the future, although he expected to be able to look after those children and their interests 15 or 20 years, that he was looking beyond that time; that he had in mind the possibility of their losing even the large fortune that he had and would probably give them, but that even so, when they were approaching old age—the daughter mentioned the words "old age"—that then in spite of what might happen prior to that, that at that time they would come into possession of it after his death.

Now, in the absence of an express provision of the statute, a tax on inheritance certainly would not reach that conveyance; but it appears to me that the statute has reached out after that identical trust, and has used language that describes it exactly. It declares the property taxable where he has created a trust intended to take effect in possession or enjoyment, and that means, and must mean, when you read the context, and have in mind what the act is about, that possession and enjoyment refers to the possession and enjoyment by the beneficiaries. Now, this trust was one in which the possession and enjoyment of it was to come to these beneficiaries long in the future, and, according to the undisputed evidence here, and the clear evidence, beyond any time that he expected to live himself. There is offered in evidence a table of expectancy that would show his average expectancy, if he was a well man at the time, to be some 15 or 16 years, 17 at the outside. He said himself to Mr. Cutler that he might expect to live 15 or 20 years, according to the testimony of the plaintiffs; but the time when these beneficiaries were to come into the enjoyment and possession of this particular trust was beyond that time, and beyond the time of his death.

I understand clearly, I think, the argument that is made here that this trust should be treated and considered as a gift in præsenti, the deferred feature of it merely concerning the equitable title, but that the legal title passes in præsenti. It is conceded that Shukert had a right to make an absolute gift at that time of his property, and it would not have been taxable under the statute; but that is not what he did, and this statute was intended clearly, as it seems to me, to reach out beyond the ordinary operation of the law of inheritance and reach these transactions, proper transactions, lawful transactions. No question of that kind involved that there is anything wrong about it, and no trick about it, and no device or any intention to defeat any tax manifested here; but that the express language of the statute reaches out beyond the ordinary operation of the law of inheritance, and reaches and extends to these trusts, which, at the time a man makes them, he has in mind and intent shall come in and take effect in possession and enjoyment after the time when he expects to live.

[4] Now, that is the extent to which the statute, by its clear and absolute terms, goes, and, although it is the law that in the interpretation of these tax statutes the law must be interpreted strictly, so as not to enlarge the claims of the government, the intendments should be found favorable to the citizen rather than to the government in cases of doubt or ambiguity or uncertainty—that is the law. It is not the purpose of the court in interpreting these statutes to stretch a point, so as to make taxes payable, except where they come within the clear and specific letter and spirit of the law. It seems to me that that is where this trust comes. It is a trust created by Mr. Shukert, which he intended to take effect in possession and enjoyment long after he should have passed away; after it might be that the large fortune which he had accumulated had been lost through misfortune, or extravagance, or waste, or things that might happen after that. His care went clear to the time when 30 years should have gone by. His care for his children reached clear to that point, and he intended that at that time it should take effect. I do not think the defeasance clause of the trust agreement militates favorably to the plaintiffs. It is made lawful by the provision that if these beneficiaries should die, or calamity should happen to them, then other things should be done. But the intent and whole purpose in making up the trust was in the hope that they would live, and at that time, after his death, they would come into the possession and enjoyment of the property.

Now, that being my view of it, I will overrule the motion of plaintiffs, and I will sustain the request of the government to instruct the jury that the trust in question was a trust created by Gustave E. Shukert in his lifetime, and was intended to take effect in possession and enjoyment at or after his death, and that therefore the verdict should be for the defendant.

I direct the jury to return a verdict for the defendant, and I ask Mr. Connelly to step forward here and sign the verdict for the jury.