SHUKERT et al. v. ALLEN, Collector of Internal Revenue.*

(Circuit Court of Appeals, Eighth Circuit. May 16, 1925.)

No. 6768.

Internal revenue ⚖==8—Trust to take effect in possession or enjoyment 30 years after its creation held subject to estate tax.

A trust created by a decedent, when 57 years old, for the benefit of his children, the income to accumulate for 30 years before distribution of the fund, subject to certain remote contingencies, *held* intended to take effect in possession or enjoyment after his death, and the fund subject to estate tax, under Revenue Act of 1918, §§ 401, 402c (Comp. St. Ann. Supp. 1919, §§ 6336¾b, 6336¾c).

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by Elizabeth F. Shukert and others, executrices of the estate of Gustave E. Shukert, against Arthur B. Allen, Collector of Internal Revenue. Judgment for defendant, and plaintiffs bring error. Affirmed.

For opinion below, see 300 F. 754.

Arthur F. Mullen, of Omaha, Neb., for plaintiffs in error.

Thomas H. Lewis, Jr., of Washington, D. C. (James C. Kinsler, U. S. Atty., of Omaha, Neb., and Nelson T. Hartson, Solicitor of Internal Revenue, of Washington, D. C., on the brief), for defendant in error.

Before STONE and KENYON, Circuit Judges, and SCOTT, District Judge.

*Certiorari granted 46 S. Ct. 24, 69 L. Ed. ——.

SCOTT, District Judge. This is an action by the executrices of the estate of Gustave E. Shukert against Arthur B. Allen, collector of internal revenue for the district of Nebraska, to recover $13,685.47 additional estate tax under the act of 1918. On May 5, 1921, Gustave E. Shukert transferred to the United States Trust Company by trust deed securities aggregating $225,000, face value, now valued by the Commissioner of Internal Revenue at $190,157.55. The trust deed was for the benefit of his three children, and the fund was to accumulate for a period of 30 years, subject to slight diminution in case of certain remote contingencies. We quote the material portions of the deed of trust:

"(1) The income from this trust fund shall be allowed to accumulate and be reinvested in order to increase the principal thereof: Provided, however, that in case of extreme destitution and lack of the necessities of life by the wife of the founder or of any of the beneficiaries hereinafter named, such person or persons may be allowed from the income of this trust fund a sufficient sum to pay for the bare necessities of life, such sum in no event to exceed two hundred and fifty ($250.00) dollars in any one month and for that month only, and in any event no such payment shall be made without written consent thereto first having been given by the wife of the founder, if living, and a majority of the adult beneficiaries: Provided, in the event of a tie between those giving, and those failing or refusing to give such written consent, the trustee, subject to the foregoing limitations as to necessity, amount, and time, may act according to its discretion. Any and all such sums paid in this manner to any of the beneficiaries hereinafter named shall constitute a charge upon and shall be deducted from their share, or the share they would have taken if living, of the trust fund at its termination.

"(2) This trust shall terminate on the 1st day of February, 1951, unless the death of the last survivor of the beneficiaries hereinafter named shall have occurred more than twenty-one (21) years prior to February 1, 1951, in which case it shall terminate twenty-one (21) years from and after the death of the last survivor aforesaid. At the termination of this trust all of the principal and undistributed income shall be paid to and divided among Isabel C. Shukert, Gustave Emil Shukert, Jr., and Flora G. Shukert, the children of the founder, share and share alike. In the event that any of the above-named children of the founder shall die leaving issue before the termination of this trust, then the share in said trust fund of the one so dying shall go to such issue, if one the whole, if more than one then in equal shares: Provided, however, that such issues shall have attained the age of twenty-one (21) years. In case they have not attained this age, then their share is to be held in trust for their use and benefit until they shall have attained the age of twenty-one (21) years. In case any of the above-named beneficiaries shall die without issue before the termination of this trust, then the share he or she would have taken if living shall be divided among the surviving beneficiaries per stirpes, and not per capita."

The case involves interpretation of sections 401 and 402 of the Revenue Act of 1918 (U. S. Comp. St. Ann. Supp. 1919, §§ 6336¾b, 6336¾c). The portions of these sections material are as follows:

"Sec. 401. * * * A tax equal to the sum of the following percentages of the value of the net estate [determined as provided in section 403] is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act, whether a resident or non-resident of the United States: [Here follows a schedule of the percentages to be applied.]"

"Sec. 402. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

*    *    *    *    *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

The trial court held that the deed created a trust intended to take effect in possession and enjoyment after the death of the grantor. The grantor at the time of the execution of the deed was 57 years old, with an expectancy of about 16 years.

The contention of counsel for plaintiffs in error is that the trust created took effect in possession and enjoyment immediately on its execution. The theory of counsel for plaintiffs in error seems to be that, inasmuch as the grant and trust were irrevocable and passed entirely from the control of the grantor, it must necessarily take effect in præsenti, and therefore in possession and enjoyment. We think throughout the argument counsel for plaintiffs in error confuses the expression "transfer" with the expression "trust." Of course in this case the creation of the trust involved a transfer, but the transfer was no part of the trust, strictly speaking. It will be noted that subdivision (c) of section 402 of the act provides: "To the extent of any interest therein of which the decedent has *at any time made a transfer*, or with respect to which he has *at any time created a trust*, in contemplation of or intended to take effect in possession or enjoyment at or after his death. * * * " Now, of course, the transfer in this case took effect immediately, but the trust created, we think, clearly was intended to take effect in possession and enjoyment after the death of the grantor. The confusion of counsel for plaintiffs in error, we think, is made apparent in the concluding paragraph on page 9 of his brief. It is there said: "Plaintiffs contend that the transfer of property made by the decedent by the trust deed of May 5, 1921, was not a transfer intended to take effect in possession or enjoyment at or after the death of the decedent, and therefore the value of the property so transferred is not to be included in the value of the gross estate of the decedent. *The precise question, therefore, presented is this: Was the transfer made by Shukert by the deed of trust of date May 5, 1921, a transfer intended to take effect in possession or enjoyment at or after Shukert's death?* If so, the judgment below is right, and should be affirmed; if not, the judgment below is wrong, and should be reversed."

Now we submit that the precise question was not as stated. The question is not whether the transfer was intended to take effect, etc., but: Was the trust created intended to take effect in possession or enjoyment at or after Shukert's death? We think the trial court was correct in his holding and judgment, and that his opinion sets forth the proper theory, with exception of one statement. On page 181 of the printed record, near the lower part of the page, the trial court says: "The nature of the trust was such that it operated in præsenti to confer both the legal and equitable title upon the parties designated—no question about that." We think the court was wrong here. We think, while the legal title vested in præsenti under the trust deed, the equitable title was held in suspension. There was no assurance that any one of the children would ever take the legal title to any part of the fund. Let us suppose that one of the children died before the expiration of the 30-year period, leaving a spouse surviving and issue. In such case the spouse would take no part, but the child would take the entire share directly under the deed of trust. Or, suppose such child should die leaving neither spouse nor issue, the share would pass to the survivors directly under the deed of trust, and not by descent to the heirs of the deceased child. To illustrate again: Suppose that the child should die before the mother; the mother would be a direct heir of such child, it having left no issue, but the mother would take no part of the fund. We think clearly the equitable estate remains in suspension, and that the trust fund was intended to take effect in possession or enjoyment after the death of the grantor, and is therefore subject to the tax.

We think the case should be and is affirmed.