## CLEVELAND TRUST CO. v. ROUTZAHN, Collector of Internal Revenue.

(District Court, N. D. Ohio, E. D. July 1, 1925.)

No. 12771.

Constitutional law ⊂⊃ 190—Internal revenue ⊂⊃2 — Retroactive statute imposing estate tax held not unconstitutional.

Revenue Act 1918, § 402c (Comp. St. Ann. Supp. 1919, § 6336¾c) including in the gross estate of a decedent subject to estate tax any interest in property with respect to which he has at any time created a trust intended to take effect at or after his death, whether such trust is created "before or after the passage of this act," which is plainly retroactive, *held* not unconstitutional as to a trust created before its passage as imposing a direct tax on property, title to which had already vested in the beneficiaries.

At Law. Action by the Cleveland Trust Company, executor of the estate of Harriet E. McBride, against C. F. Routzahn, Collector of Internal Revenue. On demurrer to petition. Demurrer sustained.

Tolles, Hogsett, Ginn & Morley, of Cleveland, Ohio, for plaintiff.

A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. Defendant's demurrer to plaintiff's petition raises the question of the liability of the estate of Harriet E. McBride under the Revenue Act of 1918 (40 Stat. 1057), for the transfer or inheritance tax upon certain property transferred or conveyed by her in trust prior to the passage of said act. On September 30, 1911, Harriet E. McBride executed and delivered to the Cleveland Trust Company a certain trust agreement conveying and assigning to the trustee certain real estate, shares of stocks, bonds, and other property, which was to be held, managed, and controlled by the trustee with full power of sale and reinvestment. The income derived therefrom was to be paid to Harriet E. McBride during her life, with power in the trustee to draw at its discretion on the principal for her support and maintenance. The beneficiaries took thereunder a vested estate not revocable by the donor nor subject to any contingency except the reserved right to make use of the principal. Harriet E. McBride died September 11, 1920. Her remaining estate was devised and bequeathed by her to persons other than the beneficiaries of this trust agreement. The value of the property transferred in trust was included as a part of her estate, subject to the transfer or inheritance tax, and was paid by the plaintiff, her executor, from the residue of the estate. This action is to recover back that tax paid under protest. All jurisdictional requirements have been satisfied.

Whether the property conveyed in trust was properly included, and the tax paid lawfully assessed and collected, turns on the proper construction of sections 401 and 402 of the Revenue Act of 1918, enacted February 24, 1919 (Comp. St. Ann. Supp. 1919, §§ 6336¾b, 6336¾c). Plaintiff's counsel does not seriously challenge the proposition that section 402c intended that this property should be included. The contention, rather, is that Congress did so intend, but that the retroactive provisions of said section are in violation of the provisions of the United States Constitution. The language of the section requires to be included any interest of "which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust,

in contemplation of or intended to take effect in possession or enjoyment at or after his death; whether such transfer or trust is made or created before or after the passage of this act." Bona fide sales for fair consideration in money or money's worth are excepted. The section further provides that any transfer in the nature of a final disposition or distribution, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death.

This language, in my opinion, covers the facts of this case. It is not susceptible of a prospective construction; i. e., one applicable only to trusts created after the statute was enacted. The legal question is therefore, in my opinion, correctly apprehended by plaintiff's counsel.

The argument seems, in substance, to be this: The tax as applied to the facts of this case, is not a tax upon a transfer of property or upon the transmission of property or a tax incident to succession by death, the amount of which tax is to be measured by the value of certain property. On the contrary, it is urged that the tax is a direct property tax upon property owned and acquired by the beneficiaries under the trust prior to the enactment of the law, and is unconstitutional because not apportioned as is required by the United States Constitution. Many weighty reasons are urged in support of this contention. Counsel for the plaintiff and defendant have reviewed fully all the decisions of the United States Supreme Court and of state courts of last resort and of inferior federal courts. Due consideration has been given thereto, but I deem it unnecessary to go over the ground fully in this opinion, for the reason that I am convinced the questions presented by plaintiff are ruled adversely to its contention by the decision of the Sixth Circuit Court of Appeals in Shwab v. Doyle (6 C. C. A.) 269 F. 321, by which this court is bound.

Shwab v. Doyle arose under the Revenue Act of 1916 (39 Stat. 756). The property had been transferred in trust prior to its enactment, and the donor's death had taken place after it went into effect. It was held that the corresponding provisions of the Revenue Act of 1916 included transactions taking place before its passage, and that the act was not subject to any constitutional infirmity by reason thereof. In substance, the considerations now urged against the constitutionality of the Revenue Act of 1918, were urged then and duly considered and held ineffective. Upon review, the United States Supreme Court differed only from the Circuit Court of Appeals in that it was held the provisions of the Revenue Act of 1916 were not intended to be retroactive but to apply only to transactions taking place after it was passed. In no other respect was the reasoning of the court below disapproved. Inasmuch as the Revenue Act of 1918 has inserted apt language showing conclusively the intention that its provisions should apply retroactively to transactions taking place before its passage, the decision of the Sixth Circuit Court remains the law within this jurisdiction and must be applied by me.

This conclusion disposes of the case; but a few observations may be made with respect to later decisions of inferior federal courts in cases arising under the Revenue Act of 1918. These decisions are in conflict. In Safe Deposit & Trust Co. v. Tait (D. C.) 295 F. 429, District Judge Soper followed and applied Shwab v. Doyle to a case arising under the Revenue Act of 1918, in which the facts are indistinguishable from the facts of this case. In Shukert v. Allen, 300 F. 754, District Judge Woodrough held the Revenue Act of 1918 applicable to a transfer in trust made prior to its passage, and that the act so construed was not subject to any constitutional infirmity. This judgment was affirmed on appeal by the Eighth Circuit Court of Appeals. 6 F.(2d) 551. Mercantile Trust Co. v. Hellmich (Oral Opinion) is cited to the same effect, but no copy of the opinion has been furnished.

Opposing, is cited and relied on by plaintiff, Frick v. Lewellyn (D. C.) 298 F. 803, decided by District Judge Thomson, in which it is held the provisions of the Revenue Act of 1918 are retroactive as applied to moneys derived by beneficiaries in insurance policies, but that, so construed, the act is unconstitutional. On review, the United States Supreme Court, May 11, 1925, affirmed this judgment, holding that section 402f of the act was to be construed prospectively and not include the avails of insurance policies taken out in the name of beneficiaries prior to its passage. This holding was made on authority of Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26' A. L. R. 1454. The language of section 402c, pertaining to transfers of property in trust, and of section 402b, pertaining to insurance policies, is so different as plainly to require this conclusion. In addition, it may be said that the avails of life insurance policies never were a

property interest in the insured in the sense that section 402c is applied to property in which the donor once had an interest and had made a transfer or created a trust in contemplation of, or intended to take effect in possession or enjoyment at or after, death. In this respect, the cases are distinguishable upon the facts.

Coolidge v. Nichols (D. C.) 4 F.(2d) 112, decision by Brewster, District Judge, January 28, 1925, is also cited and relied on by plaintiff's counsel. The reasoning of the judge supports plaintiff's contention, but the facts are not parallel. The property was transferred to a trustee with the income during life reserved to the donor and the principal payable to certain beneficiaries at or after death. Prior to the passage of the Revenue Act of 1918, the donor and life beneficiary had transferred all interest therein to the remaindermen. The death of the life tenant did not take place until more than two years had elapsed after the last transfer, so that the transaction was not one presumptively made in contemplation of death, and could be brought within the statute only by affirmative proof that it was made in contemplation of death. After the life beneficiary had transferred her interest to the remaindermen, a naked or dry trust was left in the trustee. It seems to me that, whatever may have been the nature of the transfer when the trust was first created, it had ceased to be a trust created to take effect in possession or enjoyment at or after the death of the donor when the donor relinquished her remaining interest, or that it took effect in possession and enjoyment at that time and at or after death. The case might well have been disposed of, it seems to me, on this view.

Girard Trust Co. v. McCaughn (D. C.) 3 F.(2d) 618, decided by District Judge Dickinson, is also cited and relied on. Upon the facts, it is in point, and the judgment rendered is in conflict with the conclusion to which I have come. Judge Dickinson does not hold that the retroactive provisions of section 402c are unconstitutional, but does construe its provisions as inapplicable to a trust created before the act was passed, under which transfer the beneficiaries acquired a vested estate in remainder. In that situation, he is of opinion that the trust takes effect in possession or enjoyment at the time the estate in remainder is vested in law, and not at the time the estate therein of the life tenant terminates and the physical possession and beneficial enjoyment is cast upon the re-

mainderman. This construction of the statute has not been insisted on by plaintiff's counsel, and it does not seem to me to be tenable, in view of Shwab v. Doyle, supra.

The foregoing are all the cases to which my attention has been called. I am of opinion that plaintiff's counsel have correctly apprehended the ultimate question of law upon which this controversy turns. Plaintiff is entitled to relief only upon the view that the tax is not in substance an indirect or excise tax upon either the right to transmit or the right to succeed to property, but is in substance and effect a direct tax upon the property transferred, and is therefore invalid because not apportioned, or is such an arbitrary exaction as to be in excess of the power conferred upon Congress by the Constitution. I am not able to adopt any of these views because of the binding decision of the Circuit Court of Appeals of this Circuit to the contrary, in Shwab v. Doyle, the authority of which in this form remains unimpaired.

Defendant's demurrer will be sustained. Plaintiff having elected to stand on its petition as framed, final judgment will be entered.