**FREW et al. v. BOWERS, Collector of Internal Revenue.**

(District Court, S. D. New York. November 5, 1925.)

1. **Internal revenue** ⬨⟾2—Retroactive statute, imposing estate tax, held constitutional.

Revenue Act 1921, § 402(c), being Comp. St. Ann. Supp. 1923, § 6336¾c, including in estate subject to estate tax any interest in property embraced in trust to take effect at or after death, whether created before or after passage of act, *held* valid as indirect excise tax, and not unconstitutional as to trust created before its passage.

2. **Internal revenue** ⬨⟾2—That excise tax is measured by past transaction held not constitutional objection thereto.

That excise tax is measured by past occasion, transaction, or circumstance is not constitutional objection thereto, if there is reasonable relation between tax and occasion thereof.

At Law. Action by Walter E. Frew and others, as executors of the last will and testament of William A. Nash, deceased, against Frank K. Bowers, as United States Collector of Internal Revenue of the Second District of New York. On defendant's motion to dismiss complaint. Motion granted.

Kellogg & Rose, of New York City (Abram J. Rose, Alfred C. Pette and Philip M. Brett, all of New York City, of counsel), for plaintiffs.

Emory R. Buchner, U. S. Atty., of New York City (Sherwood E. Hall, Asst. U. S. Atty., of New York City, of counsel), for defendant.

GODDARD, District Judge. This action is brought by Walter E. Frew, Warren B. Nash, and the Corn Exchange Bank, as executors of the last will and testament of William A. Nash, deceased, against Frank K. Bowers, as collector of internal revenue, to recover the sum of $42,862.38, with interest thereon, alleged to have been erroneously and illegally assessed and collected as an additional federal estate tax on the estate of William A. Nash, deceased, under the provisions of title 4 of the Revenue Act of 1921 (42 Stat. 285). The defendant makes this motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The question raised on this motion is the taxability under the estates tax provisions of the act of trust funds which a decedent, prior to the passage of the act, transferred to a trust under a trust deed providing for the payment of the income thereof to the decedent during his life. On November 1, 1910, the decedent transferred to Walter D. Frew and Warren B. Nash, as trustees, certain securities. The terms of the trust provided that the securities should be held for the same uses and purposes as were other securities conveyed to the same trustees by the will of his deceased wife, Alice J. Nash. The trust created by said will provided that the income from the corpus of the trust should be paid to William A. Nash (present decedent) during his lifetime, and that upon his death the corpus was to be divided into two equal shares, one share to be held in trust to pay and apply the net income to the use of the decedent's son, Warren B. Nash, during the term of his natural life, and upon his death to convey, transfer, and pay over to his (the son's) children then surviving, and the issue of any deceased children, the principal of the said share, the issue of any deceased children of the said son to take the share which their respective parents would

have taken, if they would have survived them. The other share was to be held in trust to pay the income to the decedent's daughter during her life; upon her death, to convey the principal to her (the daughter's) children then surviving and the issue of any deceased children, the issue of deceased children to take the share which their respective parents would have taken, if they would have survived them.

The trustees, acting under the said trust, applied the income arising from the securities transferred by the decedent, as well as the income from the securities previously transferred by the will of Mrs. Nash, to the use of the decedent during his lifetime. The decedent, William A. Nash, died on August 30, 1922.

The Commissioner of Internal Revenue has included in the decedent's gross estate the value of the property so transferred by Mr. Nash, and has thus increased the gross estate by the sum of $539,855.15, this being the value of the securities held by the trustees at the time of the decedent's death, representing the securities transferred by Mr. Nash; the trustees having, during the lifetime of Mr. Nash and pursuant to authority conferred by them by deed of trust, made sales and other dispositions of the securities originally transferred, and substituted therefor the securities, the value of which was included in the gross estate. The Commissioner of Internal Revenue contended that the conveyance by Mr. Nash to the trustees constituted the creation of a trust fund intended to take effect in possession or enjoyment at or after his death. On February 20, 1924, the executors paid the adidtional tax arising out of this addition to the gross estate under protest and filed a claim for refund, which was rejected by the commissioner. They then brought this suit to recover such additional tax, which amounts to $42,862.38.

The pertinent part of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336¾c) is as follows:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real, or personal, tangible or intangible, wherever situated. * * *

"(c). To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this act), except in a case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title. * * *"

[1] Counsel for Mr. Nash's executors contend that, if this statute be construed as being retroactive, so as to include transfers intended to take effect in possession or enjoyment at or after the death of the grantor, where the rights of the parties had become vested before the passage of the act, it is unconstitutional, because it would be a direct tax, and not laid in relation to the census or enumeration, as provided by article 1, § 9, subd. 4, of the federal Constitution.

The Supreme Court makes it clear in Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454, T. D. 3339, Union Trust Co. v. Wardell, 258 U. S. 537, 42 S. Ct. 393, 66 L. Ed. 753, T. D. 3338, and Knox v. McElligott, 258 U. S. 546, 42 S. Ct. 396, 66 L. Ed. 760, that, even if the transfer was made "in contemplation of death," or "to take effect in possession and enjoyment at or after his [decedent's] death," the Revenue Act of 1916 (39 Stat. 756) does not apply, where the transfer or trust is made before the passage of the act, for the reason that the statute was not retroactive. After this construction by the Supreme Court, Congress, undoubtedly with the intention of including just such a transfer as is now presented for consideration, inserted in the Revenue Act of 1918 section 402(c), being Comp. St. Ann. Supp. 1919, § 6336¾c, which is practically the section of the 1916 act with the added words, "whether such transfer or trust is made or created before or after the passage of this act." Does this new retroactive feature of the act violate the Constitution?

The precise question has not been passed upon by the Supreme Court. In Shwab v. Doyle, supra, the Circuit Court of Appeals of the Sixth Circuit, in considering the Revenue Act of 1916 as it applied to a case where property has been transferred in trust prior to its enactment, and the donor's death had occurred subsequent to its going into effect, held the act to be retroactive and not unconstitutional. The Supreme Court reversed the judgment of the Circuit Court of Ap-

peals upon the ground that the act was not retroactive. However, the Supreme Court did not indicate disagreement with the view of the Circuit Court of Appeals that it was not unconstitutional because retroactive. In Shukert v. Allen (D. C.) 300 F. 754, T. D. 3614, Judge Woodrough held that the act applied to a transfer to trustees made before the act was enacted, and that such construction was not unconstitutional. This judgment was affirmed by the Circuit Court of Appeals, Eighth Circuit. 6 F.(2d) 551, T. D. 3729. In Safe Deposit & Trust Co. v. Tait (D. C.) 295 F. 429, T. D. 3544, by Judge Soper, and in Cleveland Trust Co. v. Routzahn (D. C.) 7 F.(2d) 483, T. D. 3741, opinion of Judge Westenhaver, July 1, 1925, the retroactive provisions of the statute are upheld.

Coolidge v. Nichols (D. C.) 4 F.(2d) 112, Girard Trust Co. v. McCaughn (D. C.) 3 F.(2d) 618, and Frick v. Lewellyn (D. C.) 298 F. 803, affirmed by Supreme Court Lewellyn v. Frick, 268 U. S. 238, 45 S. Ct. 487, 69 L. Ed. 934, T. D. 3715, are cited by counsel as opposing the constitutionality of the retroactive feature. The facts in Coolidge v. Nichols, supra, were materially different, and although in his opinion Judge Brewster says, "As a result, I have reached the conclusion that the retroactive provisions of the act of 1918, so far as they apply to a transaction entirely completed before the passage of the act, are unconstitutional and void, * * *" he also says, " * * * But after a careful examination of the authorities on this point I am not prepared to state it as my opinion that Congress has not authority to give retroactive effect to a law providing an indirect tax." In Frick v. Lewellyn, supra, Judge Thomson held that provisions of the Revenue Act of 1918 as applied to life insurance were retroactive and unconstitutional. The judgment was affirmed by the Supreme Court, but on the ground that the insurance money involved never was the property of the decedent. In Girard Trust Co. v. McCaughn, supra, Judge Dickinson bases his opinion, not on the ground that the statute is unconstitutional, but that it does not apply where the interest of the beneficiary is vested.

The tax imposed under this act is not a direct tax, but is an indirect one and an excise tax, so that the requirement that it be laid in relation to the census or enumeration does not apply. N. Y. Trust Co. v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660, T. D. 3267; Greiner v. Lewellyn, 258 U. S. 384, 42 S. Ct. 324, 66 L. Ed. 676, T. D. 3326; Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969, T. D. 129; Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 15 S. Ct. 673, 39 L. Ed. 759; Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, T. D. 1685.

[2] There is no constitutional objection to the measure of an excise tax when there is a reasonable relation between it and the occasion of the tax. Keeney v. Comptroller, 222 U. S. 525, 32 S. Ct. 105, 56 L. Ed. 299, 38 L. R. A. (N. S.) 1139. The amount of the property in trust is merely to be included for the purpose of measuring the gross estate, because the possession and enjoyment are made dependent upon the death of the testator. It is also testamentary in character, and but for the creation of the trust would have passed directly through the decedent's estate. The death of the testator is the generating source. The power of Congress to measure a tax by an occasion, transaction, or circumstance, which is past at the time the tax is imposed, has been upheld as reasonable. The Supreme Court held the Income Tax Act of 1913 (38 Stat. 114) constitutional, which act was retroactive, in that it taxed income earned prior to the passage of the act. Brushaber v. Union Pacific R. R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713, T. D. 2290. The Income Tax Act of 1864 (13 Stat. 281) was held to be constitutional, notwithstanding the tax was measured by "all income of the previous year, although one tax on it had already been paid." Stockdale v. Insurance Companies, 87 U. S. (20 Wall.) 323, 22 L. Ed. 348, Fed. Cas. No. 13,462. That the principle of a retroactive tax is not unconstitutional, see, also, Chanler v. Kelsey, 205 U. S. 466, 473–479, 27 S. Ct. 550, 51 L. Ed. 882; Cahen v. Brewster, 203 U. S. 543, 549, 27 S. Ct. 174, 51 L. Ed. 310, 8 Ann. Cas. 215.

Not only in theory, but in actual result, is there no impairment of vested rights by the tax imposed in this case. The tax has been paid by Mr. Nash's executors, who are the plaintiffs, and the beneficiaries did not complain, and cannot, because they are not called upon for the payment of the tax.

Accordingly the motion to dismiss the complaint is granted.