BRADLEY v. NICHOLS, Collector.

(District Court, D. Massachusetts. June 23, 1926.)

No. 2584.

1. Internal revenue ⊂⊃8—Completed gift of trust fund not subject to estate tax (Revenue Act 1918, § 402[c], being Comp. St. Ann. Supp. 1919, § 6336¾c]).

A woman conveyed property in trust, one half the income to be paid to her during her life, and the other half to her daughters and their issue, with gifts and remainders over. The conveyance was not made in contemplation of death, but she died very unexpectedly, shortly after the trust was established. *Held* that, as to the half of the trust fund of which she completely divested herself, the beneficial interest, possession, and enjoyment vested in the beneficiaries on execution of the trust deed, and that it was not subject to tax as a part

of her estate, under Revenue Act 1918, § 402 (c), being Comp. St. Ann. Supp. 1919, § 6336¾c.

**2. Internal revenue ⬤⇒8—Gifts inter vivos not taxable, except to extent that they are in fact testamentary dispositions.**

The United States has no power to tax gifts inter vivos, except to the extent that they are so related to the death of the donor as to constitute in fact a testamentary disposition, and property completely given away, and upon the disposition of which the death of the donor has no effect, cannot be said to still be a part of his estate.

At Law. Action by Robert S. Bradley, executor, against Malcolm E. Nichols, Collector of Internal Revenue. On demurrer to declaration. Demurrer overruled.

Stone & Jones and Robert B. Stone, all of Boston, Mass., for plaintiff.

Harold P. Williams, U. S. Atty., and Marcus Morton, Jr., Asst. U. S. Atty., both of Boston, Mass., for defendant. ·

MORTON, District Judge. This is an action to recover back an estate tax, which was, as the plaintiff claims, illegally exacted on the estate of his deceased wife, Leslie N. Bradley. The present questions arise on the defendant's demurrer to the declaration. The facts alleged in the declaration are as follows:

[1] Mrs. Bradley joined with her husband in establishing a trust fund. She contributed to it property valued at $730,000, he contributed property valued at $1,256,000, and as joint tenants they put in property which they owned in that way valued at $2,314,000. This last property really belonged, as both parties agree, to Mr. Bradley, and does not figure in the present controversy. By the terms of the trust Mrs. Bradley was entitled during her life to half the income of the entire fund; the other half was to be divided equally among her daughters and their issue. There were gifts over following Mrs. Bradley's life interest, and other provisions in remainder. Mrs. Bradley died very unexpectedly, shortly after the trust was established. There is no claim that it was made in contemplation of death.

In the return for the federal estate tax the executor included as part of Mrs. Bradley's estate one-half of the property contributed by her. The Commissioner held that the entire property contributed by her should be included in her estate, and taxed it accordingly. The question presented by this demurrer is whether he was right in so doing. The statute in question (Revenue Act 1918, § 402[c],

40 Stat. 1057, 1097 [Comp. St. Ann. Supp. 1919, § 6336¾c]), provides in substance that there should be included in the decedent's estate the value of any interest of "which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death," etc.

The executor makes no question as to the one-half of Mrs. Bradley's contribution of which she, in effect, retained the income for life. He does contend that, as to the other half, the income of which went immediately to her daughters, and in which she retained no interest, except upon the extremely improbable contingency that she should survive all three daughters and their issue, the conveyance and trust were not intended to take effect upon her death.

It would be mere fiction to say that Mrs. Bradley expected to survive all her three daughters and their issue, or that her action was in any appreciable degree influenced by that consideration, and the government does not put its claim on any such ground. Its position is that, where "the persons who will take the corpus upon the termination of the trust cannot be absolutely ascertained until after the death of the founder," the property transferred is taxable as part of the estate of the transferor. The principle contended for is that, not only must the transfer of the property be absolute and complete before death, but the trust must be complete before death to its final limitation, or the statute applies. That this is a very extreme view can hardly be denied. The argument is that the statute requires it.

The present case goes much beyond Coolidge v. Nichols (D. C.) 4 F.(2d) 112, and Safe Deposit Co. v. Tait (D. C.) 295 F. 429, which dealt with trusts in which the donors reserved life estates, and in which it was held that the transaction considered as a whole amounted to a transfer of the property to take effect on the donor's death. Shukert v. Allen, Collector, 6 F.(2d) 551 (C. C. A. 8th), supports the government's contention that the language of the statute refers to the time when the final possible cestui will get the benefit of the trust. On the other hand, in Dexter v. Treasurer and Receiver General, 243 Mass. 523, 137 N. E. 877, the Supreme Judicial Court of Massachusetts, construing a state statute, the language of which upon this point is practically identical with that of the federal statute under discussion, reached a very different conclusion, and held that

what was meant by "taking effect in possession or enjoyment" was the definite determination of interests, whether legal or equitable, and that, if such interests are established during the donor's life, and are in no way contingent upon his death, "the beneficial interest in the enjoyment of the proceeds of the trust passed at the time of its execution. * * * The possession and enjoyment vested in the beneficiaries when the trust deed was delivered to the trustees. The deed passed the property from the donor, and gave to the beneficiaries at that time the beneficial interest in it, and their enjoyment and possession of it was not contingent on the death of the donor." Carroll, J., 243 Mass. 526, 137 N. E. 879. This seems to me a more reasonable view of the language and scope of such a statute as I am dealing with than that taken in Shukert v. Allen, supra.

[2] The United States has no power to tax gifts inter vivos, except to the extent that they are so related to the death of the donor as to constitute in fact an anticipated succession to his property. The extent to which the state may go in arbitrarily connecting gifts inter vivos with the donor's subsequent death occasioned a difference of opinion among the justices in Schlesinger v. Wisconsin, 46 S. Ct. 260, 70 L. Ed. —— (March 1, 1926). Under the Shukert decision it would follow that the owner of property cannot give it away in such a manner that the final disposition of it is not ascertained at the time of the donor's death. In effect that decision restricts the right of gift. This point is not referred to in the opinion and may not have been considered. With great respect to the learned court which decided Shukert v. Allen, the constitutionality of the statute so interpreted seems to me very doubtful. To say that property which has been completely given away, and upon the disposition of which the donor's death has no effect, is still part of the donor's estate, is to say something which is simply not true. Certiorari has been granted by the Supreme Court in the Shukert Case (46 S. Ct. 24, 70 L. Ed. ——), and it therefore lacks finality.

Without undertaking to discuss the numerous decisions which have been referred to, I may say that in my judgment the law, in taxing as part of decedents' estates property of which they had completely divested themselves before death, has already gone to the extreme limit which can be candidly defended, and that the enormous extension of it contended for by the government in this case is not fairly within the contemplation and meaning of the statute in question, and, if it be within the meaning, the statute is to that extent unconstitutional.

Demurrer overruled.