**HIBBARD v. CROOKS, Collector of Internal Revenue.**

District Court, W. D. Missouri, St. Joseph Division. November 22, 1927.

No. 978.

1. Internal revenue ⬅️8(1)—Statutes and decisions in state where property is located control in determining whether surviving spouse's interest is subject to federal estate taxes.

Statutes and rules of decision in state where property is located control in determining whether interest of surviving spouse therein is subject to federal estate taxes.

2. Internal revenue ⬅️8(6)—Wife's interest in husband's estate in Missouri held not subject to federal estate tax (Revenue Act 1918, §§ 401, 402 as amended [Comp. St. §§ 6336¾b, 6336¾c]; Const. art. 1, §§ 2, 9).

In view of decision of Supreme Court of Missouri, where property in question is located-

ed, that wife's interest in husband's estate is an inchoate right acquired by virtue of marriage relation and becoming consummate on husband's death, and hence never transferred from decedent, held, that such interest was not subject to estate tax under Revenue Act 1918, §§ 401, 402, as amended (Comp. St. §§ 6336¾b, 6336¾c), since the levying of a tax on such interest would amount to imposition of direct tax, in violation of Const. art. 1, §§ 2, 9.

At Law. Action by Mary Z. Hibbard, administratrix of the estate of Charles D. Zook, deceased, against Noah Crooks, Collector of Internal Revenue for the Western District of Missouri. Decree in accordance with opinion.

Petree Bros. and Frank Petree, all of Oregon, Mo., for plaintiff.

Roscoe C. Patterson, U. S. Dist. Atty., and Harry L. Thomas, Asst. U. S. Dist. Atty., both of Kansas City, Mo., for defendant.

REEVES, District Judge. In administering the estate of her decedent, the plaintiff was required to pay certain inheritance taxes which she now sues to recover. It is undisputed that Emma D. Zook, the widow of the decedent, upon the death of her husband, filed an election under the statutes of Missouri to take a child's part in lieu of dower. The interest thus claimed by her was treated for taxation purposes as part of the gross estate of her deceased husband, and the administratrix was required to pay an inheritance tax thereon.

The defendant has filed a general demurrer to the petition. A decision of the question involved requires an examination of the federal statutes, together with Missouri statutory law and the decisions of its courts thereon.

The Revenue Act of 1918, as amended (Comp. St. § 6336¾b), provides "that * * * a tax * * * is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act." In order to determine what would constitute the net estate, the following provisions appear in the act:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy." Comp. St. § 6336¾c.

It was undoubtedly the intention of Congress to impose a tax upon the dower interest of the widow or her "estate in lieu of dower or curtesy."

1. It will be observed that the tax imposed is "upon the *transfer* of the net estate of every decedent." The case entitled In re Rogers' Estate, 250 S. W. 576, was decided by the Supreme Court of the state of Missouri April 9, 1923. It was there held that "the wife's interest does not pass to her by will nor by the intestate laws, but it is hers, will or no will. * * * It is a right which she has in her husband's property by virtue of the marriage relation." It is an inchoate right, which becomes consummate upon his death.

In that case there was a renunciation of the will and an election by the widow as in this case. It was held, however, that this did not change the situation in any particular, and that the property thus taken by the widow was not subject to the intestate laws. [1] 2. It is the uniform holding of the courts that the statutes and rules of decision in the state where the property is located control in determining whether the interest of the surviving spouse therein is subject to federal estate taxes. Lederer v. Pearce (C. C. A.) 266 F. 497, 18 A. L. R. 1466; Randolph v. Craig (D. C.) 267 F. 993; Wardell v. Blum (C. C. A.) 276 F. 226. In re Rogers' Estate would be controlling upon this court. The Missouri law would not only set the property in question aside as exempt from taxation, but would fix its status as property of the widow which was never *transferred* from the decedent. According to the laws of Missouri, there existed during the marital relation an inchoate right, and such right became perfect upon the death of the husband. It was, therefore, never the property of the estate of the decedent.

[2] 3. The effect of the congressional act in seeking to levy a tax upon such an interest would amount to the imposition of a direct tax. This is forbidden by article 1, § 2, of the Constitution, which provides that "representatives and direct taxes shall be apportioned among the several states which may be included within this Union, according to their respective members," and also that part of article 1, § 9 which provides that "no capitation, or other direct tax shall be laid, unless in proportion to the census or enumeration hereinbefore directed to be taken." It is not contended that Congress undertook to levy a direct tax. New York Trust Co. v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660; Greiner v.

Lewellyn, 258 U. S. 384, 42 S. Ct. 324, 66 L. Ed. 676. Y. M. C. A. v. Davis, 264 U. S. 47, 44 S. Ct. 291, 68 L. Ed. 558; Edwards v. Slocum, 264 U. S. 61, 44 S. Ct. 293, 68 L. Ed. 564; United States v. Woodward, 256 U. S. 632, 41 S. Ct. 615, 65 L. Ed. 617.

The tax in the instant case was improperly collected. Plaintiff's petition states a cause of action. In view of the admissions of fact in the pleadings and argument, the defendant has no defense to the action. Therefore, in overruling the demurrer, if the parties so desire, judgment will be given as prayed in the petition. A proper journal entry to this effect may be prepared by the parties.