**WILLCUTS, Collector of Internal Revenue v. BUNN.**

Circuit Court of Appeals, Eighth Circuit.
September 16, 1929.

No. 8565.

William T. Sabine, Jr., Sp. Atty., Bureau of Internal Revenue, of Washingon, D. C. (Lewis L. Drill, U. S. Atty., of St. Paul, Minn., C. M. Charest, General Counsel, Bureau of Internal Revenue, M. W. Goldsworthy, Sp. Atty., Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, all of Washington D. C., on the brief), for appellant.

Charles Bunn, of St. Paul, Minn. (Doherty, Rumble, Bunn & Butler, of St. Paul, Minn., on the brief), for appellee.

Before STONE, BOOTH, and GARDNER, Circuit Judges.

STONE, Circuit Judge. During 1919 and 1920, appellee purchased, as investments, certain bonds issued by counties or by cities in Minnesota. In January, 1924, he sold these bonds at a net profit (not including accrued interest). A tax was paid (under protest) upon this profit as taxable income of appellee. This action is for refund thereof on the ground that such income is not subject to federal taxation because derived from municipal securities of a state. This appeal is from a judgment entered against appellant, upon his election to stand upon an overruled demurrer to the petition.

The sole issue is whether profits from sales of municipal securities are subject to federal taxation.

It is a necessary condition of our dual form of government over the same territory that neither the national nor the state governments should interfere with the proper functioning of the other. Therefore, it has been repeatedly announced that neither the federal government nor a state government can constitutionally enact a law which interferes with the proper exercise of the governmental powers of the other. Gillespie v. Oklahoma, 257 U. S. 501, 42 S. Ct. 171, 66 L. Ed. 338; Collector v. Day, 11 Wall. 113, 20 L. Ed. 122; McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579. This principle has been applied to taxation by either of the securities issued by the other (Macallen Co. v. Massachusetts, 279 U. S. 620, 49 S. Ct. 432, 73 L. Ed. 874; Plummer v. Coler, 178 U. S. 115, 117, 20 S. Ct. 829, 44 L. Ed. 998; Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 583, 15 S. Ct. 673, 39 L. Ed. 759; Home Ins. Co. v. New York, 134 U. S. 594, 598, 10 S. Ct. 593, 33 L. Ed. 1025; Mercantile Bank v. New York, 121 U. S. 138, 7 S. Ct. 826, 30 L. Ed. 895; New York ex rel. Bank of Commerce v. New York City, 2 Black, 620, 17 L. Ed. 451; Weston v. Charleston, 2 Pet. 449, 7 L. Ed. 481) since no governmental function is more important nor necessary than that of raising revenue for its needs by borrowing (Weston v. Charleston, 2 Pet. 449, 465, 7 L. Ed. 481). The above citations have applied the rule to attempts to tax the security as property or the interest derived therefrom as income. While taxation of a privilege where the tax was measured by property or income consisting in whole or part of such securities has been upheld (Greiner v. Lewellyn, 258 U. S. 384, 42 S. Ct. 324, 66 L. Ed. 676; Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Home Ins. Co. v. New York, 134 U. S. 594, 10 S. Ct. 593, 33 L. Ed. 1025; Hamilton Co. v. Massachusetts, 6 Wall. 632, 18 L. Ed. 904), yet the distinction has been carefully observed "between an attempt to tax the property or income as such and to measure a legitimate tax upon the privileges involved in the use thereof" (Macallen Co. v. Massachusetts, 279 U. S. 620, 49 S. Ct. 432, 73 L. Ed. 874) and no tax has been sustained where it was levied directly upon such securities or the incomes therefrom.

This tax is a direct tax upon income. That income is derived solely from municipal securities. Does the circumstance that this income came from sale profit instead of interest prevent application of the rule? The reason for the rule, as applied to such securities, is that such a direct tax is a "burden on loans" and an "impediment to the power of borrowing." Weston v. Charleston, 2 Pet. *449, *468, 7 L. Ed. 481. Anything which would usually influence the public in buying or refraining from buying such securities unquestionably is a burden upon such loans and an impediment to such borrowing power. It is a matter of common knowledge that municipal securities are almost always issued for a long term of years. If the original buyers of such from the municipalities were confined to those who expect to hold such until maturity, comparatively few such securities would issue and upon terms not favorable to the municipalities. It is also common knowledge that the interest rate on such securities is usually lower than upon currently issued private securities. Two of the main attractions of such securities are that they are tax free and offer a chance for profit in resale. To say that taxation upon such profit would not affect purchases, and, therefore, prices of such securities seems unfounded. It would materially lessen the attractiveness of such securities and thereby affect the borrowing power injuriously. When this detrimental situation is brought about by a direct tax upon such profit as such, the rule relied upon by appellee and announced in the above citations and in other cases is applicable and controlling.

The judgment should be and is affirmed.