We have again examined the bills presenting other questions, and find no reversible error shown.

The motion for rehearing is overruled.

### STATE v. HOGG et al.

Motion No. 11387; No. 1677—6416.

Commission of Appeals of Texas, Section A. June 19, 1934.

O'Brien Stevens, Cr. Dist. Atty., of Houston, and James V. Allred, Atty. Gen., and F. O. McKinsey, Asst. Atty. Gen., for the State.

David M. Picton, Jr., Stephen L. Pinckney, and William G. B. Morrison, all of Houston, for defendants in error.

CRITZ, Commissioner.

This case is before us on motion for rehearing filed by defendants in error. In our original opinion [70 S.W.(2d) 699] we stated that the only question to be decided was "whether the statutes of this state in force at the time of the death of W. C. Hogg provided for a tax on these bequests," etc. This statement was somewhat inaccurate. We find on re-examination of the record that defendants in error did contend therein that our inheritance tax statutes are unconstitutional and void for several reasons. Only one of such reasons is considered of sufficient importance to require a discussion.

Defendants in error contend that, because our inheritance tax laws are so framed as to make a difference in the per cent. of tax to be paid by different classes of persons and parties, they are violative of section 1 of article 8 of our Constitution, requiring taxation to be equal and uniform. This contention seems to be based on the theory that the levy is in the nature of an ad valorem tax, levied on the property passing.

Before directly discussing the law question presented, we desire to call attention to the fact that the rule is that every possible presumption is in favor of the constitutionality of a statute, and such presumption obtains until the contrary is shown beyond a reasonable doubt. If a statute is susceptible of two constructions, one of which renders it constitutional and the other unconstitutional, it is our duty to give it the construction that sustains its constitutionality. Koy v. Schneider, 110 Tex. 407, 218 S. W. 479, 221 S. W. 880. We must construe our inheritance tax statutes by the above rule.

We quoted the statutes here involved in our original opinion. We will not repeat them here. It is sufficient to say that they comprise articles 7117 to 7122, both inclusive, of our civil statutes (as amended [Vernon's Ann. Civ. St. arts. 7117–7122]).

Article 7117, so far as applicable to this discussion, provides: "All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, * * * which shall pass absolutely or in trust by will or by the laws of descent or distribution of this * * * State,

\* \* \* shall upon passing to or for the use of any person, corporation or association, be subject to a tax for the benefit of the State's general revenue fund in accordance with the following classifications," etc.

The succeeding articles which define the tax to be collected in the several classifications provide: "If passing to or for the use of, \* \* \* the tax shall be:" [Then follows provisions levying the tax, not on the value or amount of the estate, but on the value or amount of the property passing to a particular class of parties.] Also the exemptions and amount of the tax vary according to the several classifications.

An examination of the authorities convinces us that the almost universal rule is that inheritance taxes such as are levied by our statutes are held to be privilege taxes, and not property taxes. In other words, the tax is upon the right of succession and not upon the property. Jones v. State (Tex. Civ. App.) 290 S. W. 244; Cooley on Taxation, vol. 1 (4th Ed.) p. 136, § 48; Id. vol. 4, § 1730; In re Fish's Estate, 219 Mich. 369, 189 N. W. 177; Greiner v. Lewellyn, 258 U. S. 384, 42 S. Ct. 324, 66 L. Ed. 676; United States v. Waite (C. C. A.) 33 F.(2d) 567 (certiorari denied 280 U. S. 608, 50 S. Ct. 157, 74 L. Ed. 651); Allen v. Henggeler (C. C. A.) 32 F.(2d) 69 (certiorari denied 280 U. S. 594, 50 S. Ct. 40, 74 L. Ed. 642); State v. Handlin, 100 Ark. 175, 139 S. W. 1112; In re Wilmerding, 117 Cal. 284, 49 P. 181; Brown v. Elder, 32 Colo. 527, 77 P. 853; Farkas v. Smith, 147 Ga. 503, 94 S. E. 1016; In re McGhee's Estate, 105 Iowa, 9, 74 N. W. 695; State v. Hamlin, 86 Me. 495, 30 A. 76, 25 L. R. A. 632, 41 Am. St. Rep. 569; State ex rel. Schwartz v. Ferris, 53 Ohio St. 314, 41 N. E. 579, 30 L. R. A. 218; 26 R. C. L. pp. 167, 168; 61 C. J. p. 161, § 2379. These authorities could be multiplied several times, but we think they are sufficient to show that our inheritance tax statutes levy a privilege tax, and not a property tax. There is certainly nothing in the wording of our statutes inconsistent with such a construction, and, since such a construction renders their validity free from doubt, they should be so construed. Koy v. Schneider, supra.

We have read and carefully considered the other questions presented by the motion for rehearing, and still adhere to the views expressed in our original opinion. The motion for rehearing is overruled.

Opinion Adopted by the Supreme Court June 19, 1934.